UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
ROD CLEMMONS,                                                          :
:
                                    Plaintiff,                         :         11-CV-928 (JMF)
:
            -v-                                                        :         MEMORANDUM OPINION
:                   AND ORDER
AMERICAN AIRLINES, INC.,                                               :
:
                                    Defendant.                         :
:
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Rod Clemmons, proceeding *pro se* since his counsel was granted leave to withdraw on May 5, 2015 (Docket No. 35), sues American Airlines for injuries he sustained during a flight.[1] Defendant now moves for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, arguing — among other things — that Plaintiff fails to establish a *prima facie* case of negligence. The Court agrees.

Except where noted, the following facts are undisputed.[2] In December 2010, Plaintiff, who is severely visually impaired, was a passenger on an American Airlines flight from New

---

[1] Plaintiff was represented by counsel for all of discovery, which ended in 2011. In December 2011, after Defendant initially filed for summary judgment, the case was stayed as a result of Defendant's filing for bankruptcy. (Docket Nos. 14-15). In April 2015, after the case was reassigned to the undersigned and the stay was lifted, Clemmons's counsel moved to withdraw. (Docket No. 32). By Order entered on May 5, 2015, the Court granted counsel's motion as unopposed, and noted that Plaintiff had "ample time" before his June 17, 2015 deadline to oppose Defendant's then-anticipated renewed summary judgment motion to obtain new counsel (who could then "make an application for an extension of the summary judgment deadline"). (Docket No. 35). The Court noted that, "[u]nless and until Plaintiff obtains new counsel," he would "be deemed to be proceeding *pro se*." (*Id.*).

[2] Plaintiff failed to file any opposition to Defendant's motion for summary judgment, including any counterstatement to Defendant's statement of undisputed facts as required by Local Civil Rule 56.1, by the relevant deadline. On June 29, 2015, the Court ordered Plaintiff to

York to Dallas.  (Compl. ¶¶ 11, 13; Def.'s Statement Material Facts Not In Dispute (Docket No. 40) ("Def.'s Rule 56.1 Stmt.") ¶ 1).  About one hour into the flight, Plaintiff pressed the call button to ask a flight attendant to escort him to the restroom.  (Decl. L. Diana Mulderig Supp. Mot. Summ. J. (Docket No. 39) ("Muldering Decl.") Ex. C ("Clemmons Dep.") at 46).  Plaintiff was not dizzy or lightheaded and had no difficulty rising from his seat and stepping into the aisle. (*Id*. at 64; Def.'s Rule 56.1 Stmt. ¶ 6).  The flight attendant began to guide Plaintiff to the first class lavatory in the front of the airplane; Plaintiff was holding her left arm with his right hand, and the two were walking — in Plaintiff's words — at a "normal pace, probably a little slower than normal."  (Def.'s Rule 56.1 Stmt. ¶¶ 6-7; Clemmons Dep. at 75).  Plaintiff described the flight attendant as a "good guide," who did not walk him "too quickly" to the lavatory.  (Def.'s Rule 56.1 Stmt. ¶ 7; Clemmons Dep. at 130).

After Plaintiff and the flight attendant had walked four or five rows, and were in the first class section of the airplane, Plaintiff told the flight attendant that he was "beginning to feel faint" and "nee[ed] to sit down."  (Def.'s Rule 56.1 Stmt. ¶ 8; Clemmons Dep. at 74).  In response, the flight attendant turned to Plaintiff and asked if he was "okay."  (Def.'s Rule 56.1 Stmt. ¶ 8; Clemmons Dep. at 74-75).  Plaintiff responded "no."  (Def.'s Rule 56.1 Stmt. ¶ 8;

---

show cause in writing why Defendant's motion should not be deemed unopposed.  (Docket No. 42).  Thereafter, Plaintiff submitted a letter to the Court, which the Court opted to treat — despite its untimeliness — as Plaintiff's opposition to the motion.  (Docket No. 43).  Although failure to file a counterstatement of undisputed facts "runs the risk of unresponded-to statements of undisputed facts proffered by the movant being deemed admitted," a court must still, at the very least, "ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production" before summary judgment may be entered. *Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014).  Moreover, a district court may, in its discretion, "opt to conduct an assiduous review of the record even where one of the parties has failed to file [a Local Rule 56.1] statement." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (internal quotation marks omitted).  Given Plaintiff's *pro se* status, the Court exercises its discretion to conduct such a review here.

Clemmons Dep. at 75). Plaintiff did not sit down in the aisle upon feeling faint. Instead, he he asked the flight attendant to find him a seat. (Def.'s Rule 56.1 Stmt. ¶ 9; Clemmons Dep. at 91). There were, however, no vacant seats around Plaintiff in the first class section of the airplane. (Def.'s Rule 56.1 Stmt. ¶ 8; Clemmons Dep. at 91). Shortly thereafter, Plaintiff collapsed and fell, injuring his right arm. (Def.'s Rule 56.1 Stmt. ¶ 9; Clemmons Dep. at 83-85). According to the flight attendant, the whole interaction lasted mere seconds; Plaintiff maintains that it lasted approximately one minute. (Muldering Decl. Ex. D at 66; Clemmons Dep. at 76). In either case, Plaintiff admits that, "immediately prior to [his] falling," he himself had no "inclination of knowledge" that he was "about to fall," that he "just sort of fell." (Clemmons Dep. at 89; Def.'s Rule 56.1 Stmt. ¶ 10). He now alleges that Defendant was "negligent and careless" in rendering services, resulting in his injury. (Compl. ¶¶ 14-15).[3]

      The summary judgment standard is well established. Summary judgment is appropriate where the admissible evidence and the pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, all evidence must be viewed "in the light most favorable to the non-moving party," *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co.*

---

[3]     In his letter to the Court dated July 10, 2015, Plaintiff also complains that Defendant unreasonably rerouted the plane to an unfamiliar town for him to receive medical treatment, failed to send anyone with him to the hospital, refused to pay his hotel expenses, and resisted flying him to his final destination at no cost. (Docket No. 43 Ex. 1). As those claims do not appear in the Complaint, the Court declines to consider them. *See, e.g.*, *Goplen v. 51job, Inc.*, 453 F. Supp. 2d 759, 765 n.4 (S.D.N.Y. 2006); *Butvin v. DoubleClick, Inc.*, No. 99-CV-4727 (JFK), 2000 WL 827673, at *13 (S.D.N.Y. June 26, 2000). In any event, they would fail on the merits, substantially for the reasons stated by Defendant in its reply memorandum of law. (Def.'s Reply Mem. Law (Docket No. 44) at 3-5).

*of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).  A dispute over an issue of material fact qualifies as genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim."  *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995); *accord PepsiCo, Inc. v. Coca–Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002).  As Plaintiff was proceeding *pro se* at the time of Defendant's motion, the Court must grant him "special solicitude."  *Tracy v. Freshwater*, 623 F.3d 90, 100-04 (2d Cir. 2010).  That special solicitude is not unlimited, however, and does not "relieve [a] plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment."  *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (internal quotation marks omitted).

This is a diversity action, so New York law applies to Plaintiff's negligence claim.  *See, e.g.*, *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 426-27 (1996).  To establish a *prima facie* case of negligence under New York law, a plaintiff must show that the defendant owed the plaintiff a duty of care, the defendant breached that duty, and that the breach proximately resulted in damage to the plaintiff.  *See, e.g.*, *Stagl v. Delta Airlines, Inc.*, 52 F.3d 463, 467 (2d Cir. 1995).  Here, there is no dispute that Defendant owed Plaintiff a duty of care, as an airline is held "to the same standard of care as any other alleged tortfeasor: It must exercise ordinary care commensurate with the existing circumstances."  *Id.* at 467 n.5 (quoting *Plagianos v. Am. Airlines, Inc.*, 912 F.2d 57, 59 (2d Cir. 1990)).  That duty of care is breached, however, only if a

plaintiff's injury "was a reasonably foreseeable consequence of the defendant's conduct." *Danielenko v. Kinney Rent A Car, Inc.*, 57 N.Y.2d 198, 204 (1982). "Whether hindsight reveals that greater precautions could have been taken to avoid the harm that eventuated is irrelevant if the injury could not reasonably have been foreseen at the moment the defendant engaged in the activity which later proves harmful." *Id.*; *see, e.g.*, *Tiede v. Frontier Skydivers, Inc.*, 129 A.D.3d 1585, 1586 (4th Dep't 2015); *Pinero v. Rite Aid of N.Y., Inc.*, 294 A.D.2d 251, 252 (1st Dep't 2002) (citing *Di Ponzio v. Riordan*, 89 N.Y.2d 578, 583 (1997)), *aff'd*, 99 N.Y.2d 541 (2002).

Applying those standards here, Defendant is entitled to judgment as a matter of law because there is no evidence that Defendant failed to "exercise ordinary care commensurate with the existing circumstances." Plaintiff himself acknowledged that the flight attendant was a "good guide" who had led him down the aisle at a pace "probably a little slower than normal." (Def.'s Rule 56.1 Stmt. ¶ 7; Clemmons Dep. at 75, 130). Further, Plaintiff does not allege, and there is no evidence, that the flight attendant (or anyone or anything else) obstructed his path or otherwise caused him to fall; instead, he simply felt faint and his knees gave out. (Clemmons Dep. at 74, 83-84). Most significantly, Plaintiff conceded that he himself had no inclination or knowledge immediately prior to actually falling that he was about to fall. (Def.'s Rule 56.1 Stmt. ¶ 10; Clemmons Dep. at 89). Given that, it cannot be said that Defendant breached its duty of care toward Plaintiff. It does not matter whether, as part of that duty, Defendant was required to help Plaintiff find a seat (despite the absence of any seats in the first class section where he and the flight attendant were standing) or to take reasonable steps to prevent him from falling. Nor does it matter if the interaction between the flight attendant and Plaintiff took a few seconds, as she claims, or up to a minute, as Plaintiff claims. Put simply, if Plaintiff himself could not foresee his fall immediately before he fell, the flight attendant (and, by extension, Defendant)

cannot be faulted for failing to foresee it. It follows that Plaintiff cannot show that Defendant breached its duty of care, and summary judgment is appropriate. *See, e.g.*, *Di Benedetto v. Pan Am. World Serv., Inc.*, 359 F.3d 627, 630-31 (2d Cir. 2004) (holding that the district court properly granted summary judgment to the defendant airline on the ground that, "[g]iven the conceded facts . . . , no jury could have properly found" that the defendant had breached its duty of care); *Brazier v. Hasbro, Inc.*, No. 99-CV-11258 (MBM), 2004 WL 1497607, at *7 (S.D.N.Y. July 6, 2004) (granting summary judgment to the defendant based on the lack of evidence that the plaintiff's injury was reasonably foreseeable to the defendant); *Perkins v. AAA Cleaning*, 30 A.D.3d 790, 791 (3d Dep't 2006) (holding that the trial court properly granted summary judgment to the defendant on the ground that the risk of injury to the plaintiff "was not a foreseeable consequence" of the defendant's conduct).

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED.[4] The Clerk of Court is directed to enter judgment for Defendant, to terminate Docket No. 37, to close the case, and to mail a copy of this Memorandum Opinion and Order to Plaintiff.

SO ORDERED.

Date: November 6, 2015
      New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[4]  In light of that result, the Court need not, and does not, reach Defendant's alternative argument that Plaintiff's claims are preempted by the Airline Deregulation Act of 1978, 49 U.S.C. § 41713. (Mem. Law Supp. Def.'s Mot. Summ. J. (Docket No. 38) 6-10).